IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE T. WORTMAN and SHANE W. WORTMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>Defendant. | Case No. 19-cv-02860<br><br>Honorable Virginia M. Kendall |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**NOW COME** Plaintiffs, NICOLE T. WORTMAN and SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 23 asserting the following claims against Defendant, RUSHMORE LOAN MANAGEMENT SERVICES LLC:

**NATURE OF ACTION**

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiffs, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*

**JURISDICTION, PARTIES , AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692 and 28 U.S.C. § 1331 with respect to Plaintiffs' FDCPA claims.

1

3. This Court has supplemental jurisdiction over Plaintiffs' ICFA claims pursuant to 28 U.S.C. § 1367.

4. NICOLE T. WORTMAN and SHANE W. WORTMAN ("Plaintiffs") are natural persons, who at all times relevant resided in this judicial district.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) as they are natural persons obligated or allegedly obligated to pay a debt.

6. Plaintiffs are "persons" as defined by 815 ILCS 505/1(c).

7. Plaintiffs are "consumers" as defined by 815 ILCS 505/1(e).

8. RUSHMORE LOAN MANAGEMENT SERVICES LLC ("Defendant") is a foreign limited liability company with its principal place of business in Irvine, California.

9. Defendant is a national mortgage servicer that services hundreds of thousands of mortgage loans nationwide. Through the course of servicing mortgage loans, Defendant is in constant contact with consumers regarding the statuses of their mortgage loans.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

11. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

12. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

13. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

14. Defendant is engaged in "commerce" as defined by 815 ILCS 505/1(f).

15. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.

## FACTUAL ALLEGATIONS

16. On March 3, 2006, Plaintiffs executed a mortgage in favor of ABN AMRO Mortgage Group, Inc. (the "Mortgage").

17. The Mortgage secured the purchase of Plaintiffs' personal residence located at 24633 Lincolnway Street, Plainfield, Illinois 60544 (the "Property").

18. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $279,000.00 (the "Loan").

19. On or before August 15, 2007, ABN AMRO Mortgage Group, Inc. assigned and transferred the Loan to Lasalle Bank Midwest, N.A.

20. Shortly thereafter, the Loan was transferred to Bank of America, N.A. ("Bank of America").

21. On October 1, 2016, Plaintiffs defaulted on the Loan by failing to make monthly payments pursuant to the terms of the Loan.

22. On November 30, 2016, Plaintiffs filed a Chapter 13 bankruptcy case in the Bankruptcy Court for the Norther District of Illinois, Case No. 16-37931.

23. Bank of America was served with notice of Plaintiffs' bankruptcy case.

24. Plaintiffs' bankruptcy schedules listed Bank of America as having a claim in amount of $274,191.00.

25. On November 30, 2016, Plaintiffs filed their Chapter 13 Plan.

26. Plaintiffs' Chapter 13 Plan proposed to surrender the Property to Bank of America in full satisfaction of its claims.

27. Bank of America did not object to Plaintiffs' Chapter 13.

28. On January 20, 2017, Plaintiffs' Chapter 13 Plan was confirmed by the Bankruptcy Court.

29. Plaintiffs performed all their obligations as set forth in their Chapter 13 Plan.

30. Accordingly, on September 11, 2017, Plaintiffs were granted a discharge under section 1328(a) of the United States Bankruptcy Code.

31. Plaintiffs' bankruptcy discharge extinguished Plaintiffs' obligations and personal liability on the Loan and Mortgage.

32. Bank of America was served with the Discharge Order entered in Plaintiffs' bankruptcy case.

33. At some point after Plaintiffs' bankruptcy discharge, Defendant obtained servicing rights to the Loan.

34. The Loan was in default at the time Defendant obtained servicing rights to the Loan.

35. On April 16, 2018, Defendant sent Plaintiffs a Notice of Intent to Foreclose providing:

> "You are hereby formally notified that the mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.
>
> \*\*\*
>
> This letter is a formal demand to pay $47,644.29. If the default together with additional payments that subsequently become due, is not cured by May 21, 2018, Rushmore Loan Management Services LLC will take steps to terminate your ownership in the property by a foreclosure by judicial proceeding and sale of the property.

36. Pursuant to the Notice of Intent to Foreclose, Defendant accelerated all the payments owing under the Loan and demanded the full balance of the Loan.

37. Accordingly, there were no further monthly payments due on the Loan.

4

38. On June 20, 2018, Defendant initiated mortgage foreclosure proceedings against the Plaintiffs and the Property.

39. On July 11, 2018, Defendant sent Plaintiffs a Mortgage Statement. A true and correct copy of Defendant's July 11, 2018 Mortgage Statement is attached hereto as Exhibit A.

40. The Mortgage Statement provided:

> Payment Due Date: 08/01/2018
> Reinstatement Amount Due: $55,957.07
> **If payment is received after 08/16/2018, a $88.35 late fee will be charged.** (emphasis added)

41. The Mortgage Statement further provided:

| Transaction Activity (01/01/2018 to 07/11/2018) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Description | Principal | Interest | Escrow | Late Charge | Other | Total |
| 06/18 | LATE CHARGE ASSESS | | | | 88.35 | | |

42. On August 10, 2018, Defendant sent Plaintiffs a Mortgage Statement. A true and correct copy of Defendant's August 10, 2018 Mortgage Statement is attached hereto as Exhibit B.

43. The Mortgage Statement provided:

> Payment Due Date: 09/01/2018
> Reinstatement Amount Due: $62,437.67
> **If payment is received after 09/16/2018, a $88.35 late fee will be charged.** (emphasis added)

44. The Mortgage Statement further provided:

| Transaction Activity (02/01/2018 to 08/10/2018) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Description | Principal | Interest | Escrow | Late Charge | Other | Total |
| 07/16 | LATE CHARGE ASSESS | | | | 88.35 | | |

45. On October 16, 2018, Defendant sent Plaintiffs a Mortgage Statement. A true and correct copy of Defendant's October 16, 2018 Mortgage Statement is attached hereto as Exhibit C.

5

46. The Mortgage Statement provided:

Payment Due Date: 11/01/2018
Reinstatement Amount Due: $68,185.84
**If payment is received after 11/16/2018, a $88.35 late fee will be charged.** (emphasis added)

47. The Mortgage Statement further provided:

| Transaction Activity (04/01/2018 to 10/16/2018) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Description | Principal | Interest | Escrow | Late Charge | Other | Total |
| 08/16 | LATE CHARGE ASSESS | | | | 88.35 | | |

33. Exhibits A, B and C are "communications" as defined by 15 U.S.C. § 1692a(2) as they conveyed information regarding the amount owed on the Loan directly to Plaintiffs.

34. Defendants' mortgage statements all contained the following language:

"Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose."

*See* Exhibits A, B, and C.

35. By transmitting Exhibits A, B and C to Plaintiffs, Defendant attempted to collect a debt incurred for "personal, family or household purpose" as defined by 15 U.S.C. § 1692a(5).

36. At no point in time after Plaintiffs' bankruptcy discharge did Plaintiffs attempt to reinstate the Loan or otherwise demand reinstatement figures from Defendant.

37. As result of Defendant's conduct, Plaintiffs were misled to believe that Defendant is entitled to late charges after the Loan has been accelerated (absent reinstatement).

38. Plaintiffs have been further damaged by Defendant's conduct as the late charges that were assessed to the Loan increased the amount due on the Loan.

39. Accordingly, the late charges assessed to the subject Loan unjustly enriched Defendant.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)
### (On behalf of Plaintiffs and the Members of Putative Class)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

42. While the Loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

43. Here, the Loan was accelerated in April 2018. As a result, no monthly payments became due after the acceleration. *See* Paragraph 35.

44. As stated above, Plaintiffs never sought to reinstate the Loan after their bankruptcy discharge.

### Violation of 15 U.S.C. § 1692e

45. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

7

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), e(5) and e(10).

46.     Defendant's representation that "[i]f payment is received after 08/16/2018, a $88.35 late fee will be charged" is deceptive, false, and misleading once the loan is accelerated because it creates the false impression that Plaintiffs are subject to additional late fees that cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

47.     Defendant's representation that "[i]f payment is received after 09/16/2018, a $88.35 late fee will be charged" is deceptive, false, and misleading once the loan is accelerated because it creates the false impression that Plaintiffs are subject to additional late fees that cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

48.     Defendant's representation that "[i]f payment is received after 11/16/2018, a $88.35 late fee will be charged" is deceptive, false, and misleading once the loan is accelerated because it creates the false impression that Plaintiffs are subject to additional late fees that cannot be charged to the Loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

49.     Defendant violated 15 U.S.C. §§ 1692e(2) by making deceptive, false, or misleading representations in the Mortgage Statement(s) mailed to Plaintiffs as to the amount of debt owed on the Loan– because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

50. Defendant violated 15 U.S.C. § 1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

51. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

**Violation of 15 U.S.C. § 1692f**

47. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

48. Defendant violated 15 U.S.C. § 1692f(1) by assessing late charges to the Loan after acceleration and before reinstatement of the Mortgage and the Loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

49. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

9

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

    \*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

50. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of —

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court."

**WHEREFORE**, Plaintiffs on behalf of themselves and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e(2), e(5), e(10) and f(1);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e(2), e(5), e(10) and f(1);

D. an award of any actual damages sustained by Plaintiffs and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages to Plaintiffs, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## COUNT II
### Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*)
### (On behalf of Plaintiff and the Members of Putative Class)

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Section 2 of ICFA provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false, pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

11

53. Defendant violated 815 ILCS 505/2 by engaging in the following unlawful acts or practices in the course of mortgage servicing:

    a. Assessing late charges to the Loan after acceleration and before reinstatement of the Mortgage and the Loan because the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

    b. Representing to Plaintiffs that they were subject to late charges after acceleration and before reinstatement of the Mortgage and the Loan because the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

54. Defendant's conduct is both unfair and deceptive under ICFA.

55. Specifically, it is unfair and deceptive for Defendant to (1) threaten late charges when none can be assessed; and (2) charge late fees when none can be assessed.

56. Defendants conduct causes significant harm to Plaintiffs and consumers because the Plaintiffs and consumers are charged unlawful late fees, which increase the balance on the loans, and thus decreases the equity that Plaintiffs and other consumers may have in the underlying real estate.

57. Moreover, Defendant is unjustly enriched by the erroneous late charges that are collected by Defendant.

58. Defendant intended that Plaintiffs and consumers rely on its false representations.

59. Defendant's false and misleading statements have caused, and will continue to cause, great immediate and irreparable harm to Plaintiffs, and consumers generally.

60. Plaintiffs and consumers have no choice but to submit to Defendant's unlawful conduct as outlined herein.

61. The substantial injuries complained of were not reasonably avoidable by Plaintiffs.

62. Defendant's unfair and deceptive acts and practices violate public policy and shed light on an industry where unlawful practices are driven by greed and profit, at the expense of consumers.

63. Punitive damages are warranted as Defendant's unfair and deceptive acts and practices were outrageous, wanton and willful, were oppressive, against public policy, and demonstrated a conscious disregard and indifference not only for the rights of Plaintiffs, but consumers nationwide who:

   a. Reasonably anticipate that their mortgage servicers will not charge late fees that they are not entitled to collect;

   b. Reasonably anticipate that their mortgage servicers will communicate accurately and truthfully regarding their mortgage loan accounts;

   c. Reasonably anticipate that their mortgage servicers will not make false and misleading statements regarding their mortgage loan accounts; and

   d. Reasonably anticipate that their mortgage servicers will adhere to consumer protection laws as well as investor/mortgage servicing guidelines.

64. Defendant's conduct as described above is part of a pattern and practice in which Defendant routinely engages in as part of its business model.

65. Accordingly, an award of punitive damages is appropriate to deter Defendant from future misconduct.

**WHEREFORE**, Plaintiffs on behalf of themselves and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 815 ILCS 505/2;

C. an order enjoining Defendant from further violation(s) of 815 ILCS 505/2;

D. an award of any actual damages sustained by Plaintiffs and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of exemplary and punitive damages for Defendant's unfair and deceptive acts and practices;

F. an award of the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

G. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

62. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

63. Plaintiffs bring this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

64. The FDCPA Putative Classes are defined as follows:

### Late Charges Assessed Class

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their statutory/contractual right to reinstate the loan.*

### Late Charges Threatened Class

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the Mortgage Statements attached hereto as Exhibit A, Exhibit B or Exhibit C; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their statutory/contractual right to reinstate the loan.*

65. The ICFA Putative Classes are defined as follows:

### Late Charges Assessed Class

*All persons within the State of Illinois to whom (a) within the three (3) years prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their statutory/contractual right to reinstate the loan.*

### Late Charges Threatened Class

*All persons within the State of Illinois to whom (a) within the three (3) years prior to filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the Mortgage Statements attached hereto as Exhibit A, Exhibit B or Exhibit C; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their statutory/contractual right to reinstate the loan.*

66. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for

exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

67. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

68. On information and belief, Defendant services mortgages for thousands of consumers who fall into the definitions of the Putative Class.

69. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

68. There are many questions of law and fact common to the claims of Plaintiffs and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

> A. Whether Defendant unlawfully threatened the imposition of late charges after acceleration and before reinstatement of the underlying loans; and
>
> B. Whether Defendant unlawfully assessed late charges after acceleration and before reinstatement of the underlying loans.

### C. Typicality.

69. Plaintiffs' claims are typical of members of the Putative Class because Plaintiffs and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability.

70. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

71. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

72. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

73. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation.**

74. Plaintiffs will adequately and fairly represent and protect the interests of the Putative Class.

75. Plaintiffs have no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiffs.

76. Plaintiffs have retained competent and experienced counsel in consumer class action litigation.

**Plaintiffs demand a trial by jury.**
Dated: June 20, 2019

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630)575-8180
Fax: (630)575- 8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

17