IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE T. WORTMAN and SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> RUSHMORE LOAN MANAGEMENT SERVICES LLC, <br><br> *Defendant.* | No. 19 C 2860 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Nicole and Shane Wortman, individually, and on behalf of others similarly situated, filed this Complaint against Defendant, Rushmore Loan Management Services, LLC, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.1 ("Consumer Fraud Act"). Defendant filed the instant Motion to Dismiss for failure to state a claim, (Dkt. 20), arguing that because Plaintiffs did not comply with the terms of the mortgage, specifically the notice and cure provision, Plaintiffs are unable to state a claim. For the reasons stated within, Defendant's Motion to Dismiss is granted.

## BACKGROUND

On March 3, 2006, Plaintiffs executed a mortgage which secured the purchase of their residence. (Dkt. 19, ¶¶ 16-17). The mortgage contained a notice and cure provision which provided:

> Neither Borrower nor Lender may commence, join or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party … of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(Dkt. 20-2, pg. 10). Following the execution of the mortgage, Plaintiffs defaulted on their mortgage and commenced Chapter 13 bankruptcy proceedings in this District. (*Id.* at ¶¶ 21-22). On September 11, 2017, the Bankruptcy Court issued a discharge order under 11 U.S.C. § 1328(a). The discharge order stated:

> If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

(N.D. Ill. Bk. No. 16-37931, Dkt. 32). Upon this discharge, on April 16, 2018, Defendant obtained servicing rights to the loan and sent Plaintiffs a foreclosure notice. (Dkt. 19, ¶¶ 34-35). Additionally, Defendant accelerated payments and demanded payment on the full balance of the loan. *Id.* at ¶ 36. On June 20, 2018, Defendant began foreclosure proceedings against Plaintiffs and on three separate occasions sent Plaintiffs mortgage statements. *Id.* at ¶¶ 38-45. Plaintiffs never sought to reinstate the loan. *Id.* at ¶ 36. Plaintiffs have filed claims under the

FDCPA and Consumer Fraud Act. In response, Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion is meant to challenge the legal sufficiency of the complaint. *Christiansen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 457 (7th Cir. 2007). The Court accepts all well-pleaded allegations as true and views them in a light most favorable to plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). Though, the Court need not accept as true statements of law or statements that are merely conclusory and unsupported factual allegations. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff's complaint must allege facts that establish its right to relief is more than speculative. *Cochran v. Ill. State Toll Highway Auth.,* 828 F.3d 597, 599 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## **DISCUSSION**

Defendant argues that because Plaintiffs failed to comply with the notice and cure provisions of the mortgage the Motion to Dismiss should be granted for failure to state a claim. Indeed, Plaintiffs concede they did not comply with any notice and cure provision, but instead insist that the provision was inapplicable in this context. Plaintiffs argue compliance with the notice and cure provisions would render the

bankruptcy discharge meaningless, and therefore, they did not need to abide by it. Contrary to Plaintiffs' contention, they were in fact required to comply with the notice and cure provision. Therefore, their concession of non-compliance is unavoidably fatal to their claims.

Before addressing the determinative nature of the notice and cure provision, the Court must first address the threshold question of whether the Plaintiffs' mortgage survived the bankruptcy discharge. It is well established that certain rights and obligations indeed survive a bankruptcy discharge order. For example, the "defendant's right to foreclose on the mortgage, however, survives the bankruptcy." *Jernstad v. Green Tree Servicing, Inc.,* 2012 WL 8169889, at *1 (N.D. Ill. Aug. 2, 2012) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)). Further, the Supreme Court unanimously held that "discharge in bankruptcy extinguishes only the creditor's right to proceed *in personam* against the defaulting debtor and not the right to proceed *in rem* in a mortgage foreclosure action." *First Federal Sav. Bank v. Drovers Nat'l Bank,* 606 N.E.2d 1253, 1258 (Ill. Ct. App. 1992) (citing *Home State Bank,* 501 U.S. 78). Additionally, "bankruptcy law permits a lien to pass through bankruptcy unaffected provided that it's a valid lien and secures a valid claim." *Palomar v. First American Bank,* 722 F.3d 992, 993 (7th Cir. 2013). Thus, a discharge in bankruptcy does not terminate a valid lien. *In re Turner*, 558 B.R. 269, 278 (Bankr. N.D. Ill. 2016) (*citing Long v. Bullard*, 117 U.S. 617, 621 (1886)). Ultimately, what is discharged by bankruptcy is a claim to payment. *Bethea v. Robert J. Adams & Associates*, 352 F.3d 1125, 1128 (7th Cir. 2003).

Here, the discharge disposed of Plaintiffs' obligation to make personal payments, but the mortgage itself survived. Even a passing review of the Order of Discharge reveals that, contrary to Plaintiffs' suggestion, the discharge does not completely erase the existence of the mortgage. Rather, the Order itself only discharged Plaintiffs' payment obligations, while explicitly recognizing that other rights and obligations survived. (N.D. Ill. Bk. No. 16-37931, Dkt. 32). Specifically, the order states:

> A creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.
>
> Most debts are covered by the discharge, *but not all*. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

*Id.* (emphasis added). Therefore, because the mortgage survives, the notice and cure provision must survive as well.

Plaintiffs largely rely on the out of circuit opinion in *Lilly v. Bayview Loan Servicing, LLC*, to argue the notice and cure provision did not pass through the bankruptcy discharge. 2017 WL 4410040, at *5 (M.D. Fla. Oct. 4, 2017). In *Lilly,* the court held the plaintiffs, who received a discharge on their debt, did not need to comply with their mortgage's notice and opportunity to cure provision. *Id. Lilly*'s analysis of the issue was fleeting, at best. Nevertheless, it sits as an outlier among courts, including those within this circuit, which have held a mortgage survives discharge and therefore functions as a procedural hurdle to certain statutory claims.

*See Palomar,* 722 F.3d at 993; *In re Turner,* 558 B.R. at 278; *Bethea,* 352 F.3d at 1128).

Similarly, Plaintiffs' reliance on *Jernstad* is unfitting. In *Jernstad,* the court considered whether an arbitration agreement, separate and apart from the operative mortgage, was enforceable after the plaintiff received a discharge of her debt by the bankruptcy court. *Jernstad,* 2012 WL 8169889, at *1. The court held plaintiff's bankruptcy discharge rendered the parties' arbitration agreement unenforceable and therefore did not grant the defendant's motion to dismiss the FDCPA claim. *Id.* at *2. However, in reaching this conclusion, the court explicitly recognized that the plaintiff's mortgage survived bankruptcy. *Id.* Thus, finding here that the notice and cure provision located within the four corners of the mortgage survives bankruptcy, is wholly consistent with the line of reasoning in *Jernstad*.

Plaintiffs further attempt to avoid the applicability of the mortgage's notice and cure provision by suggesting that their causes of action arise independently of the mortgage. This argument is unavailing. Here, the notice and cure provision applies to actions that "arise[] from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument." (Dkt. 20-2, pg. 10). Plaintiffs' claims stem from Defendant's sending of multiple mortgage statements. No doubt, these allegedly wrongful actions "arise" from the mortgage itself and thus its notice and cure provision governs. Indeed, other courts within this district have thoroughly considered this precise question. *See e.g., Rodriguez v. Rushmore Loan Mgmt. Servs.*

*LLC*, 2019 WL 423375, at *5-6 (N.D. Ill. Feb. 4, 2019); *Michael v. CitiMortgage, Inc.*, 2017 WL 1208487, at *4 (N.D. Ill. Apr. 3, 2017) (dismissing the FDCPA and Consumer Fraud claims because the plaintiff did not allege compliance with the notice provision in her contract).

For example, in *Rodriguez,* after plaintiff defaulted on her debt, defendant mailed plaintiff a series of mortgage statements. *Id.* at *1. In response, plaintiff filed a claim pursuant to the FDCPA but did not comply with the mortgage's notice and cure provision. *Id.* at *3. In part, "plaintiff argue[d] that her lawsuit does not arise from defendant's actions pursuant to the Mortgage." *Id.* The court was unpersuaded and held that because plaintiff did not allege compliance with the mortgage's notice and cure provision, she had failed to state a claim. *Id.* at *6. In reaching this conclusion, the court cited an extensive line of cases with similar factual scenarios and identical outcomes. *See e.g., Michael,* 2017 WL 1208487; *Giotta v. Ocwen Loan Servicing, LLC*, 706 Fed. Appx. 421, 422-423 (9th Cir. 2017) (holding the district court properly dismissed the FDCPA claim based on plaintiffs' failure to comply with the notice provision); *Kurzban v. Specialized Loan Servicing, LLC*, 2018 WL 1570370, at *3 (S.D. Fla. Mar. 3, 2018) (finding the notice and cure provision applied to plaintiff's FDCPA and the defendant's motion to dismiss was granted); *Sandoval v. Wolfe*, 2017 WL 244111, at *5-6 (S.D. Fla. Jan. 19, 2017) (same); *Sotomayor v. Deutsche Bank Nat'l Trust Co. et al.*, 2016 WL 3163074, at *3 (S.D. Fla. Feb. 5, 2016) (same); *Charles v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 950968, at *4 (S.D. Fla. Mar. 14,

2016) (same); *Johnson v. Countrywide Home Loans, Inc.*, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (same).

Alternatively, Plaintiffs suggest the notice and cure provisions are not relevant to their statutory cause of action because their Complaint sounds in a consumer protection statute. For this proposition, Plaintiffs rely on *Abercrombie v. Wells Fargo Bank, N.A.*, where the court held failure to comply with a notice and cure provision did not warrant dismissal of the Truth in Lending Act, 15 U.S.C. §1637, ("TILA") claim. 417 F. Supp. 2d 1006, 1007 (N.D. Ill. 2006). However, *Abercrombie* is distinguishable as the concerns raised by that court are not present here. In *Abercrombie,* the court wrote that enforcing the notice and cure provisions in the context of a TILA claim would undermine the statute's purpose. *Id.* at 1009. Here, the notice and cure provision does not serve to undermine the spirit of the FDCPA. *See e.g., Giotta,* 706 Fed.Appx at 422-23 ("[T]he Notice Provision does not contravene the [FDCPA's] purposes, and, thus, does not impermissibly abrogate the FDCPA."). Rather, merely requiring a mortgagor to comply with a contractual provision prior to initiating a lawsuit is not the equivalent of closing the courthouse doors to plaintiffs such as the Wortman's.

The terms of the mortgage, including the notice and cure provision, survived the Plaintiffs' bankruptcy discharge and the Court must next consider whether Plaintiffs abided by the clause prior to initiating this federal lawsuit. No exhaustive review of the record is necessary here. In their Response, Plaintiffs explicitly concede: "Plaintiffs do not dispute that they did not provide Defendant with pre-suit notice."

(Dkt. 29, pg. 5). Clearly, Plaintiffs have not complied with the very terms of their mortgage and as a result are precluded from proceeding with their claims. *See e.g., Rodriguez,* 2019 WL 423375 at *6.

## **CONCLUSION**

For the reasons stated within, Defendant's Motion to Dismiss for failure to state a claim is granted and Plaintiffs' claims are dismissed with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: October 16, 2019